Judge Hitchcock
delivered the opinion of the court:
In the consideration of this case, the principal, if not the only difficulty is in giving construction to a provision in the law incorporating the Warren County Canal Company. Section 8 of this act provides, “that whenever any lands, waters, or watermills, shall be taken for the construction of said canal, or any of its feeders, or works connected with it, and the same shall not be given or .granted to said corporation, and the proprietor or proprietors do not agree with said corporation as to the compensation to> be paid therefor, it shall be lawful for the person or persons claiming compensation as aforesaid; to select for themselves one arbitrator, and the said corporation shall also select one arbitrator,, and the two thus selected shall take to themselves a third, who- *246 shall award as arbitrators between the parties and report the result to the said parties in writing; from which said award either party may appeal to the court of common pleas of their county in which said lands, waters, or materials may he situate, and in all cases where compensation shall be claimed for lands or waters,, it shall he the duty of the arbitrators, or the court, to estimate any advantage which the location and establishment of said canal maybe to the person or persons claiming such compensation; and such advantage, if any, shall be set off against the compensation so claimed of-said corporation ; and said appeal, when taken, shall in all respects proceed as appeals in other-cases to said court, and be brought into said court by filing the award with the clerk of the eourt, whose duty it shall be to enter the same on his docket, setting down the person or persons who claim compensation as-plaintiffs, and the corporation as defendants.” 28 Local L. 126.
This is the only provision in the laws for making compensation to those who may be injured in consequence of the canal passing through their lands, or by having materials taken from them for its construction. Similar provision is made in *other acts of incorporation, and it is necessary to give such a construction if it can be done consistently with the wording of the act as shall do right and justice to all concerned.
Under this section arbitrators were selected by the parties, who made their award, from which an appeal was taken to the court of common pleas. So far, there is no difficulty. But the appeal having been taken, how is the case to be disposed of in court? No course of proceeding is pointed out. It is made “ the duty of the arbitrators of the court ” as the case may be, “ to estimate any advantage which the location and establishment of said canal may be to' the person or persons claiming compensation,” and set off such advantage against the compensation claimed. In other words, it is the duty of the arbitrators, and of the court acting upon this subject, to take into consideration the advantage con- • ferred upon the individual as well as the injury inflicted by the construction of the work, and if the balance be found in his favor, then an award is to be made accordingly. From this part of the section, it would seem to have been the intention, that the court should merely review the proceedings of the arbitrators, and correct them if found necessary. Such construction, however, would, deprive the parties of the constitutional right of trial by jury, and *247 of course ought not to be adopted, if it can- properly be avoided. Nor would it in fact be justified by the subsequent part of the section.
The section next provides that the appeal when taken “ shall in «11 respects proceed as in other cases.” And it is made the duty of the clerk to enter the case upon the docket, setting down the person claiming compensation as plaintiff, and the corporation as defendant. The phrase “ shall in all respects proceed as appeals in other cases,” is not very definite. If there were uniformity of proceeding in all cases which came before the court of common pleas by appeal, the intention would be perfectly clear. But it is ■not so. An appeal is allowed tp that court from an inquest of lunacy, 29 Ohio L. 328 ; from the decisions of county commissioners, 29 Ohio L. 269, 356, 364; in certain contested elections, 29 OhioL. •53 ; and from the decisions of township trustees relative to township roads, 29 Ohio L. 366. In these cases, the manner of pro-needing on the appeal is prescribed, but that particular manner could not be followed in a case like the one before the court. But by far the most numerous class of appeals + which come into the court of common pleas are from justices of the peace. And generally, if not uniformly, after the case is brought into that court, the proceedings are according to the course of the common law. It is treated substantially as if instituted in that court. The provision, that the case should be docketed, and that the clerk should set down one of the parties as plaintiff, and the other as defendant, would seem clearly to indicate, that in saying the appeal shall-in all respects proceed as in other cases,” the legislature must have had reference to appeals from justices of the peace. Such we believe to be the proper construction of the section. The proceeding before the arbitrators is in the nature of process to bring the parties before the court. If they are satisfied with the award, it is well. If not, either party may appeal, and that, too, without bond. And when in court, the proceedings must be the same as in other common law cases. An issue must bo made up to be tried by the court and jury, according to the nature of that issue. If the issue is decided in favor of the plaintiff, then the benefit which he derives from the location and construction of the canal, must be ascertained, and set off against the damages sustained, so far as is just and equitable.
*248 Haying settled the construction of the statute, the next question is as to the sufficiency of the declaration.
The plaintiff has declared'in case. To this we see no objection. He has stated his cause of action with all necessary precision. If the facts stated are true, he is entitled to damages. The form of the declaration is somewhat novel, but the case itself is equally so. From anything we can discover, there is sufficient stated to put the defendants upon their defense.
Leave is given to the defendants to withdraw the demurrer, and the case is remanded to the county of Warren for plea,' and in failure of plea, for an inquiry of damages.